# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRISTINA STONE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV410-205 |
| | ) | CR407-228 |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Christina Stone pled guilty to and received an 87-month sentence for conspiracy to make, possess, and utter counterfeit securities of the United States and corporate organizations, in violation of 18 U.S.C. § 371. CR407-228 doc. 248. She unsuccessfully appealed, *United States v. Stone*, 319 F. App'x. 855 (11th Cir. 2009), and now moves this Court for 28 U.S.C. § 2255 relief. CR407-228 doc. 309. It should be denied.

## I. BACKGROUND

Stone challenged her sentence on appeal, arguing that

> because she did not admit the facts upon which this increase was based and the facts were not found by a jury, the imposition of a four-level increase violated *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Stone also contend[ed] that the district court imposed a sentence "greater than necessary" by

not granting her a downward departure on the basis of her health condition, family responsibilities, and alleged acceptance of responsibility.

319 F. App'x at 856.

Even though Stone pled to *two* different conspiracies -- a distinction explained her to during her guilty plea -- Stone now argues that there was really only one, so her conviction violated the Double Jeopardy clause *and* stemmed from multiplicitous indictments. Doc. 309 at 1-3. The Court will reference that argument as Ground One in her motion.

In what the Court will call Ground Two, Stone contends that "she was prejudiced by a fatal variance between the indictment and the evidence stated at sentencing." Doc. 309 at 3. She cites the same two conspiracies: "Government charged that there [were] two conspiracies rather than one single [overarching] conspiracy." *Id.*

In "Ground Three," Stone insists she was entitled to, but wrongly denied, a USSG acceptance-of-responsibility reduction in the sentencing guidelines calculation of her sentence range. *Id.* at 5. And finally, in "Ground Four," Stone complains that her restitution is invalid because (a) the Court "considered intended [victim] loss rather than actual loss";

and (b) the sentencing judge imposed too high a restitution requirement. *Id.* at 5-6. She is disabled, she claims, and just can't pay it. *Id.* at 6.

Stone does *not* challenge her counsel's effectiveness.

## II. ANALYSIS

The government is correct that Stone waived her multiplicity and fatal-variance claims by pleading guilty. Doc. 319 at 5. Her guilty plea "simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." *Menna v. New York*, 423 U.S. 61, 63 n. 2 (1975). And the fact

> [t]hat the accused may be unaware of the availability of certain objections at the time the plea is entered has been held immaterial. More particularly, the entering of a plea of guilty has been held to waive objection to an illegal arrest, an illegal search, an improperly obtained confession or other violations of the privilege against self-incrimination, improper identification, the absence or ineffectiveness of counsel at a prior stage in the proceedings, and the running of the statute of limitations. Similarly, the entering of a plea of guilty waives the right to a change of venue, a properly obtained indictment, a preliminary hearing, the setting of bail, a severance, a speedy trial, a public trial, trial by jury, the right to compulsory process, and the right of confrontation. The fact that the accused might have imposed certain substantive defenses had he stood trial does not go to the validity of the guilty plea. Various other procedural defects are likewise said to be waived. The accused may waive a statutory right of appeal.

CONSTITUTIONAL RIGHTS OF THE ACCUSED § 16:9 (*Waiver of objection to prior violations of rights*) (2010) (footnotes omitted). Thus, Stone's multiplicity and variance claims are "guilty-plea waived," *Menna*, 423 U.S. at 63 n. 2, plus procedurally defaulted[1] because she failed to raise them on direct appeal. *Pickett v. United States*, 2011 WL 1303810 at * 2 (S.D. Fla. Feb. 28, 2011).[2]

---

[1] Under

> "the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." [*Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004)]. "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule[:]" (1) when the defendant shows "cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error[;]" or (2) when the defendant shows that he is "actually innocent." *Id.* The procedural default rule is designed "to conserve judicial resources" and to promote "respect [for] the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003).

*Castillo-Perez v. United States*, 2011 WL 672356 at * 3 (M.D. Fla. Feb. 17, 2011). Stone pleads no cause and prejudice here.

[2] In any event, courts do not "reverse convictions based on a variance unless that variance was both material and substantially prejudicial to the defendant. *United States v. Calderon*, 127 F.3d 1314, 1327 (11th Cir. 1997)." *United States v. Kennard*, 472 F.3d 851, 857 (11th Cir. 2005). Here the guilty-plea and sentencing transcripts evidence the two separate conspiracies charged in the indictment against her, and Stone's above-excerpted acknowledgment of that fact evinces *no* variance between what was charged, much less what she pled to, and for what she was sentenced.

4

*Menna* recognized the Double Jeopardy exception to the guilty-plea waiver rule, 423 U.S. a 62-63, and Stone raises that in Ground One. Doc. 309 at 1, 2. But the exception does not apply because she was simply *not* prosecuted and then re-prosecuted for the same crime. Instead, the government prosecuted her only once for *two different* conspiracies, a fact of which she was fully apprised during her guilty-plea hearing:

> There are two indictments against you, Ms. Stone. One indictment is Indictment CR407-288. And in that indictment you are charged and you're offering to plead guilty to Count 1 of a conspiracy to pass counterfeit checks, in violation of 18 United States Code, Section 371. There is another indictment, CR407-239. And you are offering to plead guilty to Count 1 of that indictment, which also charges you with conspiracy to pass counterfeit checks, in violation

---

Similarly, Stone's multiplicitous claim, if reached, also would fail on the merits:

> To determine whether multiple counts of an indictment are multiplicitous, courts look to whether the counts charge a single offense or "distinct and separate" offenses. *See United States v. Langford*, 946 F.2d 798, 802 (11th Cir.1991). Multiple counts are not multiplicitous when they all stem from a statute that creates several different offenses. *See, e.g., United States v. Martinez–Gonzales*, 89 F.Supp. 62, 64–65 (D.C.Cal.1950). Similarly, a substantive offense and conspiracy to commit that offense may be charged separately without being multiplicitous, because conspiracy and a completed offense are considered to constitute separate crimes. *Iannelli v. United States*, 420 U.S. 770, 777–78, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975).

*United States v. Pefanis*, 2011 WL 1134310 at * 2 (N.D.Ga. Mar. 1, 2011). There is no question that the conspiracy statute applied here, 18 U.S.C. § 371, supported prosecution for two separate violations of it. Each were based on different sets of facts involving different co-conspirator members. And all of this was spelled out to and acknowledged by Stone at her guilty-plea hearing.

of 18 United States Code, Section 371. And you are here today to enter a guilty plea to Count 1 on each of those two indictments. Do you understand that?

A. Yes, sir, I understand that I'm here to plead guilty to conspiracy, but my attorney said conspiracy is broad.

Q Well, I'm going to tell you what a conspiracy is. But do you understand that you're here today to plead guilty to Count 1 of *both* of those indictments charging you with conspiracy to pass counterfeit checks?

A. Yes, Your Honor.

Doc. 312 at 15. Stone herself articulated the two-separate crime distinction later in the guilty-plea process:

Has your lawyer gone over the guideline information with you?

Yes, sir, Your Honor, we talked about – my concern was concurrent or consecutive. I didn't know what meant, so he explained it to me, and about the mandatory five years for each, or were they were going to run together before I make my plea, because *I'm being charged with two counts of conspiracy*, sir. So but he explained to me what the U.S. Attorney was recommending – or could recommend if I plead guilty.

*Id.* at 21.

The factual showing during the Rule 11 guilty plea hearing demonstrated that Stone pled guilty to two different crimes based on two different conspiracies premised on two sets of facts involving two

6

different groups of conspirators -- with Stone involved in both. Doc. 312 at 40-46. Her case thus travelled nowhere close to the Double Jeopardy bar. *See, e.g., United States v. Bobb*, 577 F.3d 1366, 1375 (11th Cir. 2009) (indictment charging defendant with receiving child pornography and possessing child pornography charged him with two separate offenses, such that his convictions did not violate the Double Jeopardy Clause, where his convictions were based on two distinct offenses occurring on two different dates and proscribed by two different statutes; evidence proved that defendant received child pornography on one date by downloading zip files over the internet, and that he possessed over 6,000 additional images of child pornography on a different date); *United States v. Morin*, 2011 WL 880845 at * 2 (11th Cir. Mar. 15, 2011).[3] Grounds One and Two therefore are without merit.

---

[3] In *Blockburger v. United States*, 284 U.S. 299 (1932), the defendant on one count was convicted of selling a drug not in its original packaging, and in another count of selling the same drug without a written order of the purchaser. *Id.* at 301. To prevent a defendant from being convicted of two offenses for the same act that Court applied this rule: Where the same act or transaction constitutes a violation of two distinct statutory provisions, courts inquire "whether each provision requires proof of an additional fact which the other does not." *Id.* at 304. There the offense in one count (selling a drug outside its original packaging) and the offense in the other count (selling a drug without the purchaser's order) each required an additional element of proof that the other did not. Blockburger thus was properly convicted under both counts. *Id.* at 305; *see also United States v. Pefanis*, 2011 WL 1134310 at

Ground Three likewise is without merit. Again, Stone insists she was entitled to, but wrongly denied, a USSG acceptance-of-responsibility reduction in the sentencing guidelines calculation of her sentence range. Doc. 309 at 5. The PSI cited U.S.S.G. § 3E1.1., Application Notes, in crediting Stone for pleading guilty, but she "failed to truthfully admit the conduct comprising the offenses of convictions. . . . Stone's continued assertions as to the extent of her participation in the criminal conspiracies are completely at odds with the evidence in this case and are inconsistent with a clear demonstration of acceptance of responsibility." PSI at 6. Stone does not contradict this showing.

For that matter, there is simply no basis for granting § 2255 relief where a defendant who pleads guilty but then vacillates is denied the responsibility-acceptance benefit. *See, e.g., United States v. Lee*, 391 F. App'x 831, 836 (11th Cir. 2010) (defendant was not entitled to acceptance-of-responsibility reduction of sentence for trafficking in a vehicle with an altered vehicle identification number, even though

---

\* 5 (N.D. Ga. Mar. 1, 2011) ("the offense of obstruction of justice under 18 U.S.C. § 1503 and the offense of perjury under 18 U.S.C. § 1623 are separate and distinct offenses, even when the underlying false statement giving rise to each offense is the same. Because each statute requires proof of an element that the other does not, the two offenses are separate under *Blockburger*, and are thus not multiplicitous.").

defendant pleaded guilty, since plea was contradicted by his conduct after his change-of-plea hearing; on the day he changed his plea to guilty, defendant spoke to a co-defendant soliciting his help in minimizing the number of vehicles he stole, and even though defendant had admitted to investigators that he stole three vehicles, when the probation officer asked if he was the car thief, defendant denied it, and, more than a month after the change-of-plea hearing, continued to mislead agents about the extent of his involvement). The record supports the vacillation finding and ruling here.[4]

Finally, Ground Four (restitution abatement) fails because it cannot be reached in a § 2255 proceeding. *Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009) (§ 2255 movant cannot utilize § 2255 to challenge his restitution order, even if cognizable claims seeking release from custody are also raised; the presence of a cognizable claim against

---

[4] In her reply brief Stone cites a co-defendant's 36-month concurrent sentence on the same two indictments, doc. 334 at 1, then cites an Eleventh Circuit case where a similar two-conspiracy defendant received a 60-month, concurrent sentence. *Id.* at 2. "To achieve a fair sentence," she concludes, this Court therefore should trim her 87-month sentence to 60. *Id.* Of course, a defendant's own comparative analysis and sense of fairness bears no application here; rather, the sentencing factors unique to her, as factored into the sentencing judge's discretion and resulting sentence, do. Stone, for that matter, is bound by appellate affirmance of this Court's 87-month sentence until she shows § 2255-level error. She has not done so.

the prisoner's custodial punishment does not make his non-cognizable claims more amenable to appellate review); *see also Arnaiz v. Warden, Federal Satellite Low*, 594 F.3d 1326, 1328 (11th Cir. 2010) (prisoner currently in custody cannot collaterally attack just the restitution part of his sentence by seeking a writ of habeas corpus under 28 U.S.C. § 2241).

## III. CONCLUSION

Christina Stone's 28 U.S.C. § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  13th  day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

11